OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
It is generally true that the mere referral of a patient by one physician to another, without more, does not render the referring doctor vicariously liable for the negligence of the treating physician (see, Kavanaugh v Nussbaum, 71 NY2d 535; Hill v St. Clare’s Hosp., 67 NY2d 72, 79; Graddy v New York Med. Coll., 19 AD2d 426, 429, mot to dismiss appeal denied 13 NY2d 1175; Nisenholtz v Mount Sinai Hosp., 126 Misc 2d 658, 663). Here, however, there is evidence in the record from which the jury could have concluded that defendant — the referring pediatrician — had been independently negligent in diagnosing the infant plaintiff’s condition, and that this misdiagnosis constituted a proximate cause of plaintiffs injuries. *869 This being so, defendant, as the initial wrongdoer, cannot escape liability merely by showing that the subsequent treating physician to whom plaintiff was referred was also negligent (see, Ravo v Rogatnick, 70 NY2d 305, 310; Suria v Shiftman, 67 NY2d 87, 98). We have examined defendant’s remaining contention and find it to be without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., Bellacosa and Dillon* concur.
Order affirmed, with costs, in a memorandum.

 Designated pursuant to NY Constitution, article VI, § 2.