■ JAMES CALLAHAN et al., Plaintiffs, v P.J. CARLIN CONSTRUCTION COMPANY et al., Defendants and Third-Party Plaintiffs. S & A CONCRETE Co., INC., Third-Party Defendant-Appellant; HANNIBAL CONSTRUCTION Co., Third-Party Defendant-Respondent. [637 NYS2d 66] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered August 18, 1994, which dismissed the claims of third-party defendant S & A Concrete Co., Inc. against third-party defendant Hannibal Construction Co., and, upon a prior grant of Hannibal's motion for a directed verdict on its claim against S & A for full indemnification, awarded Hannibal the principal sum of $3,200,000 plus interest; and order, same court and Justice, entered on or about March 1, 1995, which denied S & A's motion to vacate the judgment and awarded Hannibal costs and attorneys' fees, unanimously affirmed, with costs.

Plaintiff worker sought damages for personal injuries suffered as a result of his fall from a defective scaffold onto an iron dowel protruding from the foundation of a construction site. Immediately before commencement of the trial, the parties stipulated on the record that the plaintiffs would receive $3,200,000 in full settlement to be paid initially by Hannibal's carrier, that the owner and general contractor would not be held liable, and that the only issue at trial would be whether it was S & A or Hannibal that was responsible for the faulty scaffold and would therefore be required to indemnify the other. The trial court's ruling at the outset that it would be S & A's burden to prove that Hannibal had been the negligent party went unchallenged.

The trial court correctly determined that, even giving it the benefit of every favorable inference, as we must on a motion for a directed verdict (*Curiale v Peat, Marwick, Mitchell & Co.*, 214 AD2d 16, 27), S & A had failed to prove a prima facie case. The Occupational Safety and Health Act (OSHA) citations were

not evidence of negligent supervision by Hannibal (*see, Millison v E.I. duPont de Nemours & Co.*, 226 NJ Super 572, 592-595, 545 A2d 213, 222-224, *affd* 115 NJ 252, 558 A2d 461); indeed, they specifically indicated that they did not constitute findings. Moreover, the stipulation settling the OSHA claims specified that such settlement was not to be taken as an admission in any other proceeding (*see, Kollmer v Slater Elec.*, 122 AD2d 117, 120). Nor was any other evidence adduced tending to show that Hannibal was negligent.

Contrary to S & A's contention, there was no conflict in the evidence; S & A failed to seize its clear opportunity to challenge testimony that union jurisdictional rules were strictly adhered to, which supported Hannibal's position that its metal workers did not construct the wooden scaffold from which plaintiff fell. Also uncontradicted was testimony and work records showing that the relevant scaffolds had been constructed by S & A.

The parties were free to expedite the resolution of their dispute by stipulating to the issue to be determined at trial (*see, Mitchell v New York Hosp.*, 61 NY2d 208, 214). While it is the usual rule that, where a party settles, it must demonstrate that it was liable in order to recover from an indemnitor (*see, Abrams v Milwaukee Elec. Tool Corp.*, 171 AD2d 930, 931; *Parseghian v Golden Plum Fruit Corp.*, 186 AD2d 546), such rule is inapplicable under the circumstances herein. The issue of indemnity was not resolved *after one* party had settled; rather, as part of the permissible fashioning of relief, the trial was part of the settlement itself, and the underlying assumption of the stipulation was that both parties were otherwise liable.

Finally, we agree with the trial court's assessment that the vacatur motion was a meritless attempt to avoid the stipulation.

We have considered appellant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.