■ Yvette Jackson, Respondent, v Eugene Young et al., Appellants. (Action No. 1.) Mara C. Aguasvivas, Individually and as Administratrix of the Estate of Erica Moreno, Also Known as Erica M. Moreno, Deceased, et al., Respondents, v Handbag Gallery Ltd. et al., Defendants-Appellants, et al., Defendants. (Action No. 2.) Christopher Amoah et al., Respondents, v Eugene Young et al., Appellants. (Action No. 3.) [641 NYS2d 29] —Judgment, Supreme Court, New York County (Robert J. Lippmann, J.), entered January 31, 1995, in a consolidated action, finding, *inter alia*, defendants Schal Associates, Inc. ("Schal"), Verilen Reproductions, Inc. ("Verilen"), Eugene Young, and Handbag Gallery Ltd. ("Gallery") liable for plaintiffs' injuries, and bringing up for review the order granting the Aguasvivas plaintiffs' motion to set aside the initial verdict in favor of Schal and Verilen and direction of a verdict against them on the issue of liability, granting Aguasvivas' motion to set aside a second verdict which found said defendants 10% liable and defendants Young and Gallery 90% liable and ordering a new trial on apportionment, and a second order granting all plaintiffs' motions for a directed verdict as to the liability of defendants Young and Gallery, unanimously modified, on the law, to the extent of dismissing the complaint in plaintiffs Aguasvivas' action as to defendants Schal and Verilen, vacating the finding of liability against Young and

Gallery in the Aguasvivas and Amoah actions and directing a new trial thereon, and otherwise affirmed, without costs.

The three actions consolidated herein arose as the result of a vehicle operated by defendant Young on behalf of defendant Gallery striking plaintiff Jackson, the Aguasvivas plaintiffs, and the Amoah plaintiffs on 40th Street near 5th Avenue in midtown Manhattan. Defendant Verilen was the owner of a property undergoing construction near 5th Avenue and 40th Street and defendant Schal was manager of that construction site.

The trial court erred in setting aside the first jury verdict which exonerated Schal and Verilen in the Aguasvivas action. The standard for setting aside a verdict as unsupported by sufficient evidence is that there is " 'no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented' ". (*Curiale v Peat, Marwick, Mitchell & Co.*, 214 AD2d 16, 24.) Moreover, the beneficiaries of the verdict must be given the benefit of every favorable inference (*Curiale v Peat, Marwick, Mitchell & Co., supra*, at 18; *Callahan v Carlin Constr. Corp.*, 223 AD2d 459).

Applying these principles and giving due regard to the jury's authority to resolve conflicts in expert testimony (*Gamiel v Univ. Hosp.*, 216 AD2d 80), it was not irrational for the jury to accept the evidence offered that the signs posted were sufficient; to discount the assertion that the failure to use "Jersey" barriers was an act of negligence; or to discount, as an act of negligence, the failure to construct the 5-foot pedestrian walkway.

Similarly, it was error to direct a verdict against Young and Gallery with regard to the Aguasvivas and Amoah actions. The standard for directing a verdict is essentially the same as that cited above for setting aside a verdict as unsupported by sufficient evidence (*Curiale v Peat, Marwick, Mitchell & Co., supra*, at 24). A driver may be exonerated where there is a non-negligent explanation, e.g., the unexpected brake failure asserted here (*LaSalle v J & T Sand & Gravel*, 177 AD2d 265, *lv denied* 79 NY2d 755), for his conduct even where the conduct raises an inference of negligence, e.g., the rear end collision here with the Amoah vehicle (*see, DeAngelis v Kirschner*, 171 AD2d 593; *Galante v BMW Fin. Servs.*, 223 AD2d 421). Despite Young's conflicting testimony at his deposition and trial as to whether his foot was on the brake, he steadfastly maintained that the acceleration was sudden and inexplicable. The resolution of such an inconsistency was a question for the jury.

In plaintiff Jackson's action, however, there was no triable issue for the jury. Young's explanation of unexpected brake failure addressed the events occurring *after* he struck Jackson, not prior thereto. Therefore, it was appropriate to direct a verdict against Young and Gallery in the Jackson action. Concur—Wallach, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.