■ EDITEX, LTD., et al., Respondents, v CENTENNIAL INSURANCE COMPANY, Appellant. [708 NYS2d 13] —Order, Supreme Court, New York County (Stuart Cohen, J.H.O.), entered July 9, 1999, setting aside the jury verdict in favor of defendant, granting judgment to plaintiffs on the issue of liability and granting a new trial on the issue of damages, unanimously reversed, on the law, with costs, the verdict reinstated and the matter remanded for further proceedings.

Plaintiffs occupied a Long Island warehouse also rented by other tenants. The warehouse was surrounded by a chain-link fence 8 to 10 feet high, and plaintiffs' area was separated from other areas in the warehouse by a locked gate. On April 25,

1991, another tenant, The New York Times, reported a theft of computer equipment; the burglar entered the Times premises by breaking a plexiglas window, and pry marks were found by a rear door. The Times area was not connected to other areas of the building. A responding police officer, investigating other areas of the building, determined that he could not enter plaintiffs' locked area of the premises. Plaintiffs' principal, Eddy Halleck, appeared at the warehouse that morning. Halleck claimed to have noticed a significant amount of his own property missing, and that he had made a complaint to police, but that they did not take his report. A Times employee testified that he had observed Halleck arrive at work that morning and complain that goods were missing. Plaintiffs' manager testified that when he arrived at work, he noticed that goods that had been stacked along the fence were missing, but that there was no sign of a forced entry. Halleck concluded that these goods could have been removed by the warehouse's fork lift, located in the common area, by reaching over the fence, although he was inconsistent in his view of how far the fork lift could reach. Responding officers, though, testified that only the Times's burglary was reported, that goods remained stacked along plaintiffs' fence and that no fork lift was in sight.

On May 11, 1991, Halleck filed a report with local police, without mentioning an April 25th burglary, indicating that he was informed that his goods were being peddled in Brooklyn. An investigator found no indication of forced entry and no means of access into plaintiffs' part of the warehouse. Although asked to provide a list of the missing inventory, Halleck failed to do so, and his own valuation of $500,000 in missing goods greatly exceeded that estimated by plaintiffs' manager. The police investigator concluded that the incident had not occurred.

On May 16, 1991, plaintiffs filed a claim with defendant carrier for losses allegedly arising out of the April 25, 1991 warehouse burglary. After its own investigation, defendant denied the claim on the basis that there was no evidence that plaintiffs' portion of the warehouse was broken into, or that its goods were removed over the chain-link fence, or that its goods were missing when the neighboring tenant in the warehouse had reported its theft.

The jury found that plaintiffs had failed to prove they suffered a loss on or about April 25, 1991. The court, concluding that there had been a forced entry into plaintiffs' area, directed a verdict on liability for plaintiff and granted plaintiffs a new trial on damages. However, since "the court's role is not to determine whether the jury erred in weighing the evidence

presented, but whether there is any valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Vasquez v Figueroa*, 262 AD2d 179, 180), and every favorable inference must be accorded the party in whose favor the verdict was rendered (*Jackson v Young*, 226 AD2d 230, *lv denied* 88 NY2d 814), the court erred. Here, there was a valid line of reasoning supporting the jury verdict. Concur—Nardelli, J. P., Tom, Ellerin, Lerner and Andrias, JJ.