■ BARBARA D. STEVENS et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [797 NYS2d 542]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Kramer, J.), entered October 3, 2003, which, upon a jury verdict on the issue of liability finding them 40% at fault in the happening of the accident and the nonparty tortfeasor 60% at fault, and a jury verdict on the issue of damages, is in favor of the plaintiffs and against them. By letter dated July 28, 2004, the cross appeal taken by Crystal Stevens was withdrawn.

Ordered that the judgment is modified, on the facts, by deleting the provisions thereof finding the defendants 40% at fault in the happening of the accident; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial with respect to the apportionment of fault between the defendants and the nonparty tortfeasor, unless within 30 days after service upon them of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to the apportionment of 20% of the fault in the happening of the accident to the defendants and 80% of the fault in the happening of the accident to the nonparty tortfeasor, and to the entry of an amended judgment accordingly; in the event the plaintiffs so stipulate, then the judgment, as so amended, is affirmed, without costs or disbursements.

The plaintiffs' decedent (hereinafter the plaintiff) was pushed by a third party onto the subway tracks at the Classon Avenue Station in Brooklyn, and a subway train struck her resulting in severe and permanent injuries. The train operator activated the emergency braking system by letting go of the controller, which automatically activated the "deadman's feature" but was unable to stop in time to avoid hitting the plaintiff, who was found lying under the second car.

On a prior appeal, we concluded that the speed policy of the Transit Authority which allowed train operators to enter stations at "normal" speed or "tunnel" speed was entitled to qualified immunity (*see Stevens v New York City Tr. Auth.*, 288 AD2d 460, 462 [2001]; *Chase v New York City Tr. Auth.*, 288 AD2d 422, 423 [2001]). The plaintiff therefore was precluded from having her expert testify that the train should not have been traveling in excess of 15 miles per hour on entering the station.

However, those decisions do not hold that any evidence as to a "safe speed" is improper. In the instant case, the Transit Authority itself submitted testimony from an expert that the "safe entry speed of Classon Avenue station southbound" is "about 27 miles per hour." The train operator testified that he was traveling at about 25 miles per hour as he approached the station.

The plaintiff's expert testified that since the train operator testified that he activated the emergency braking system upon entry into the station and came to a stop 300 feet into the station the train must have been traveling between 35 and 36 miles per hour. Conflicting evidence was admitted as to whether the train operator could have averted the accident if he was in fact traveling at the rate of 25 miles per hour. Resolution of this factual dispute was for the jury.

However, we find that the apportionment of 40% of the fault in the happening of the accident to the defendants was against the weight of the credible evidence. The perpetrator of the heinous crime underlying this lawsuit pushed the plaintiff from the platform to the tracks as a train was approaching the station. Any negligence by the train operator cannot approach the culpability of the perpetrator (*see Roseboro v New York City Tr. Auth.*, 10 AD3d 524 [2004]).

The award of damages is not challenged on appeal.

The defendants' remaining contentions are without merit or do not warrant additional relief. Ritter, J.P., Goldstein, Luciano and Crane, JJ., concur.