■ BARBARA S. GOLDBLATT et al., Respondents-Appellants, v LESTER ALAN BARON, Appellant-Respondent. [801 NYS2d 533]— Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered August 24, 2004, unanimously affirmed for the reasons stated by Madden, J., without costs or disbursements. No opinion. Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ.

■ JESSE CINTRON, JR., an Infant, by His Father and Natural Guardian, JESSE CINTRON, SR., et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [803 NYS2d 9]—

Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered January 21, 2004, which set aside a jury verdict finding defendant 70% culpable and the infant plaintiff 30% culpable and dismissed the complaint, unanimously reversed, on the law and the facts, without costs, the jury verdict as to liability reinstated and the matter remanded for a new trial on the issues of apportionment unless plaintiff, within 30 days of service of a copy of this order, stipulates to an apportionment of 50%-50%.

The jury's verdict on liability cannot be said to be irrational as a matter of law (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]), in light of evidence that the operator could have seen plaintiff in time to stop the train. Nor can it be said to be against the weight of the evidence (*Lewis v Progressive Agency*, 6 AD3d 293 [2004]; *Jamal v New York City Health & Hosps. Corp.*, 280 AD2d 421, 422 [2001]). However, we believe that the jury's apportionment of liability is against the weight of the evidence and that our suggested reapportionment of liability more reasonably reflects the reality of the circumstances here (*see Roseboro v New York City Tr. Auth.*, 10 AD3d 524 [2004]; *Mena v New York City Tr. Auth.*, 238 AD2d 159 [1997]; *Robinson v New York City Tr. Auth.*, 105 AD2d 614 [1984]). Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Catterson, JJ.

Reargument or other relief denied; cross motion for reargument granted and, upon reargument, the decision and order of this Court entered herein on June 9, 2005 (19 AD3d 166 [2005]) is hereby recalled and vacated and a new decision and order substituted therefor.