IRA MANDEL, Respondent-Appellant, v NEW YORK COUNTY PUBLIC ADMINISTRATOR, Appellant-Respondent. [815 NYS2d 275]—

In an action to recover damages for personal injuries and wrongful death, etc., based upon medical malpractice, the defendant appeals from a judgment of the Supreme Court, Kings County (Steinhardt, J.), entered November 13, 2003, which, upon a jury verdict apportioning the defendant's decedent, Richard A. Herrmann, 60% at fault and Daniel Libby, a nonparty, 40% at fault, and awarding damages, upon an order of the same court dated October 17, 2003, denying the defendant's motion, inter alia, pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, or alternatively, to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the plaintiff and against it in the principal sum of $2,410,058.52 and renders it 100% responsible for payment of that sum, and the plaintiff cross-appeals, as limited by his brief, on the ground of inadequacy, from the same judgment.

Ordered that the judgment is modified, on the law and on the facts, by (1) adding provisions thereto severing the plaintiff's derivative cause of action asserted on behalf of the estate of Abraham Mandel to recover damages for loss of services, and granting a new trial with respect thereto, (2) deleting the provisions thereof apportioning the defendant's decedent, Richard A. Herrmann, 60% at fault and Daniel Libby, a nonparty, 40% at fault, and rendering the defendant 100% responsible for payment of the principal sum of $2,410,058.52, and substituting therefor a provision rendering the defendant 100% responsible for payment of the sum of $410,058.52; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the defendant's motion which was pursuant to CPLR 4404

(a) to set aside so much of the verdict as apportioned the defendant's decedent, Richard A. Herrmann 60% at fault and Daniel Libby, a nonparty, 40% at fault is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the apportionment of fault between Richard A. Herrmann and Daniel Libby, and a recalculation, if necessary, pursuant to CPLR 1601, of the defendant's equitable share of the jury's $2,000,000 award of damages for pain and suffering, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file with the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to the apportionment of 40% of the fault to Richard A. Herrmann and 60% of the fault to Daniel Libby, the apportionment of liability to the defendant pursuant to CPLR 1601, and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, then the judgment, as so modified and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the derivative cause of action for loss of services prior to the decedent's death only.

The plaintiff's decedent, Frances Mandel (hereinafter Mandel), was diagnosed with lung cancer in January 1995 and, despite surgery, chemotherapy, and radiation treatments, died on March 31, 1997. This action to recover damages for personal injuries and wrongful death, based upon medical malpractice, was brought against, among others, the defendant's decedent, Richard Herrmann, an internist, and Daniel Libby, a pulmonologist, alleging that their failure to timely diagnose Mandel's lung cancer and thus prevent its metastatic spread caused her premature death. Prior to trial, the action was dismissed insofar as asserted against Libby as time-barred (*see Mandel v Herrmann,* 271 AD2d 661 [2000]), and summary judgment was granted dismissing the complaint insofar as asserted against all other defendants except Herrmann. Herrmann died prior to trial and the defendant, New York County Public Administrator, was substituted as a defendant in his place. Following a trial, the jury found Herrmann to be 60% at fault and Libby 40% at fault.

We disagree with the defendant's contention that he was not liable under the circumstances of this case. Although the mere referral of a patient by one physician to another does not generally render the referring physician liable for the negligence of the treating physician (*see Datiz v Shoob,* 71 NY2d 867 [1988]; *Arshansky v Royal Concourse Co.,* 28 AD2d 986 [1967]; *Graddy*

*v New York Med. Coll.,* 19 AD2d 426, 429 [1963]), joint liability may be imposed where the referring physician was involved in decisions regarding diagnosis and treatment to such an extent as to make them his or her own negligent acts (*see Datiz v Shoob, supra; Tiernan v Heinzen,* 104 AD2d 645 [1984]; *cf. Wasserman v Staten Is. Radiological Assoc.,* 2 AD3d 713, 714 [2003] [internist who has no further involvement in treatment of plaintiff's ankle after referring her to an orthopedic specialist cannot be held liable for the subsequent failure to diagnose ankle condition]). Under the latter circumstances, a jury in a medical malpractice action may impose liability on both the referring physician and the physician to whom the referral is made, based on each one's relative responsibility and fault (*see Walker v Zdanowitz,* 265 AD2d 404 [1999]; *Harrison v Dombrowski,* 175 AD2d 37 [1991]; *Riley v Wieman,* 137 AD2d 309 [1988]).

In the instant case, the plaintiff adduced sufficient evidence from which the jury could rationally conclude that Herrmann, the referring internist, jointly participated with Libby, the pulmonary specialist to whom Mandel was referred, in the monitoring and diagnosis of Mandel's lung condition such that Herrmann's failure to order a needle biopsy in August 1992 was a departure from good and accepted standards of medical care, and that such departure was a proximate cause of Mandel's injuries and wrongful death (*see Walker v Zdanowitz, supra*). Moreover, the jury's verdict as to Herrmann's liability was not against the weight of the evidence (*see Grassi v Ulrich,* 87 NY2d 954, 956 [1996]; *Cohen v Hallmark Cards,* 45 NY2d 493 [1978]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]).

Nevertheless, we find that the jury's apportionment of fault was against the weight of the evidence, and that our suggested reapportionment better reflects a fair interpretation of the evidence (*see Stevens v New York City Tr. Auth.,* 19 AD3d 583 [2005]; *Cintron v New York City Tr. Auth.,* 19 AD3d 166 [2005]).

Turning to the cross appeal, we agree with the plaintiff's contention that the trial court erred in refusing to separately submit to the jury the derivative cause of action asserted on behalf of the estate of Mandel's late husband to recover damages for loss of services. Contrary to the trial court's ruling, a cause of action to recover damages for wrongful death does not encompass a derivative cause of action by the decedent's spouse for loss of services during the period prior to the decedent's death (*see Liff v Schildkrout,* 49 NY2d 622, 632-633 [1980]). Since the trial court previously denied the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law on the derivative claim, thereby concluding that there was legally suf-

ficient evidence to submit the claim to the jury, we remit the matter for a new trial on the derivative claim for loss of services prior to the decedent's death only.

The parties' remaining contentions are without merit. H. Miller, J.P., Adams, Spolzino and Fisher, JJ., concur.