■ BARBARA D. STEVENS et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [858 NYS2d 273]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from stated portions of an amended judgment of the Supreme Court, Kings County (Kramer, J.), dated August 16, 2006, which, inter alia, upon a stipulation that the defendants were 20% at fault in the happening of the accident, and upon a jury verdict on the issue of damages, is in favor of the plaintiffs and against them.

Ordered that the amended judgment is affirmed insofar as appealed from, with costs.

The plaintiffs' decedent, Crystal Stevens, was pushed by an individual not a party to this action onto the subway tracks at the Classon Avenue Station in Brooklyn, and a subway train struck her, resulting in severe and permanent injuries. She commenced this action against the defendants New York City Transit Authority and Wilfred Heyward, the individual who operated the subway train (hereinafter the defendants) and, after a trial, the jury found the defendants 40% at fault and the nonparty assailant 60% at fault in the happening of the accident. The jury's damages award included damages for future pain and suffering and future medical expenses for 41 years. A judgment, structured pursuant to CPLR article 50-B, was entered on October 3, 2003.

The defendants appealed from that judgment, raising only issues as to their liability. While the appeal was pending, Crystal Stevens died and the plaintiffs were substituted for her in the action. By decision and order dated June 20, 2005, this Court modified the judgment by deleting the provisions thereof finding the defendants 40% at fault in the happening of the accident, and remitted the matter for a new trial with respect to the apportionment of fault between the defendants and the nonparty tortfeasor unless the plaintiffs stipulated to the apportionment of 20% of the fault to the defendants and 80% of the fault in the happening of the accident to the nonparty tortfeasor, and to the entry of an amended judgment accordingly (see Stevens v New York City Tr. Auth., 19 AD3d 583 [2005]). In the event that the plaintiffs so stipulated, the judgment, as so amended, was affirmed (id.).

Subsequently, the plaintiffs did so stipulate, and submitted a proposed amended judgment which reflected the change in the

apportionment of fault. The defendants submitted a counter-proposed amended judgment which, inter alia, recalculated the plaintiffs' attorney's fees based on Crystal Stevens's death during the pendency of the prior appeal.

The Supreme Court properly signed the plaintiffs' proposed amended judgment. CPLR 5041 (c) and (e) required a lump sum payment of attorney's fees to be calculated on the basis of the present value of an annuity structured from the verdict, using the period of years determined by the trier of fact. Crystal Stevens's death prior to the completion of this period of years, while terminating the defendants' obligation to make payments of certain future damages, did not require recalculation of attorney's fees (see CPLR 5045; *Munoz v New York City Health & Hosps. Corp.,* 271 AD2d 373 [2000]).

Appeal by the defendants from an amended judgment of the Supreme Court, Kings County, dated August 16, 2006. By order to show cause dated June 26, 2007, the parties or their attorneys were directed to show cause before this Court why an order should or should not have been made and entered dismissing the appeal on the ground that the issues the defendants intended to raise are barred by the doctrine of the law of the case. By decision and order on motion of this Court dated August 6, 2007, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.