THOMAS DOCKERY et al., Appellants, v STANLEY SPRECHER et al., Respondents, et al., Defendants. [891 NYS2d 465]—

A defendant's motion pursuant to CPLR 4401 should be granted only when, accepting the plaintiff's evidence as true, and according that evidence the benefit of every favorable inference that can reasonably be drawn from it, "there is no rational process by which the jury could find for the plaintiff against the moving defendant" (*Wong v Tang*, 2 AD3d 840, 840 [2003]; *see DiGiovanni v Rausch*, 226 AD2d 420 [1996]). In considering the motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Bryan v Staten Is. Univ. Hosp.*, 54 AD3d 793, 793-794 [2008]; *Hand v Field*, 15 AD3d 542, 543 [2005]).

To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove that the defendant departed from good and accepted standards of medical practice, and that the departure was a proximate cause of the injury (*see Hanley v St. Charles Hosp. & Rehabilitation Ctr.*, 307 AD2d 274 [2003]; *Biggs v Mary Immaculate Hosp.*, 303 AD2d 702 [2003]). Generally, expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause (*see Texter v Middletown Dialysis Ctr., Inc.*, 22 AD3d 831 [2005]; *Berger v Becker*, 272 AD2d 565 [2000]; *Lyons v McCauley*, 252 AD2d 516, 517 [1998]; *see also Koehler v Schwartz*, 48 NY2d 807, 808 [1979]).

The Supreme Court properly granted the motion of the defendants Stanley Sprecher (hereinafter Dr. Sprecher), Peninsula Radiology Associates, P.C., and Peninsula Hospital Center pursuant to CPLR 4401, made at the close of the plaintiffs' case, for judgment as a matter of law dismissing the complaint insofar as asserted against them. The plaintiffs' contention that Dr. Sprecher, a radiologist, departed from accepted medical practice by failing to include, as a differential diagnosis, in his magnetic resonance imaging (hereinafter MRI) report dated March 14, 2002, the possibility that a lesion discovered in the brain of the plaintiff Thomas Dockery (hereinafter Dockery) might have been a brain abscess caused by infec-

tion, overlooks the limited nature of the legal obligations of Dr. Sprecher relating to his treatment of Dockery. "Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (*Chulla v DiStefano*, 242 AD2d 657, 658 [1997]; *see Markley v Albany Med. Ctr. Hosp.*, 163 AD2d 639, 640 [1990]). In this case, Dr. Sprecher was not Dockery's treating physician; his role was to interpret the MRI film and document his findings. He did not assume a general duty of care to independently diagnose the patient's medical condition (*see Mosezhnik v Berenstein*, 33 AD3d 895, 897 [2006]; *Wasserman v Staten Is. Radiological Assoc.*, 2 AD3d 713, 714 [2003]; *Giberson v Panter*, 286 AD2d 217 [2001]). Furthermore, viewing the evidence in a light most favorable to the plaintiffs, the record contains no evidence that Dr. Sprecher's misreading of the March 12, 2002, CAT scan or the alleged delay in performing the aforementioned MRI was a substantial factor in causing Dockery's injuries (*see Kennedy v Peninsula Hosp. Ctr.*, 135 AD2d 788 [1987]).

However, the Supreme Court erred in granting, after the jury verdict, that branch of the motion of the defendants M. Chris Overby (hereinafter Dr. Overby) and Levine Overby Hollis, M.D.s, P.C. (hereinafter together the Overby defendants) pursuant to CPLR 4401, made at the close of the plaintiffs' case, which was for judgment as a matter of law dismissing the complaint insofar as asserted against them on the ground that the plaintiffs failed to establish a prima facie case of causation. The evidence at trial was sufficient for the jury to infer that Dr. Overby's conduct in failing to recommend that surgery be performed on Dockery within 24 hours diminished his chance for a better outcome or increased his injuries (*see Wong v Tang*, 2 AD3d 840 [2003]; *Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623, 624 [2003]; *Jump v Facelle*, 275 AD2d 345, 346 [2000]).

As the jury apportioned fault and awarded damages, and the plaintiffs and the Overby defendants fully briefed these issues, we consider the issues in the interest of judicial economy. We find that the jury's apportionment of fault was contrary to the weight of the evidence, and that an apportionment of 10% of the fault to the Overby defendants and 90% of the fault to nonparties Philip Howard Gutin and Memorial Sloan Kettering Cancer Center better reflects a fair interpretation of the evidence (*see Mandel v New York County Pub. Adm'r*, 29 AD3d 869 [2006]; *Stevens v New York City Tr. Auth.*, 19 AD3d 583 [2005]; *Cintron v New York City Tr. Auth.*, 22 AD3d 248 [2005]). Moreover, we conclude that the damages awarded here were exces-

sive to the extent indicated, as they deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.