■ ROBERT L. LOJA et al., Respondents, v KATHERYN M. LAVELLE et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants. SLEEPY HOLLOW LANDSCAPING LAWN CARE, INC., Third-Party Defendant-Appellant-Respondent. [17 NYS3d 483]—

In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an amended judgment of the Supreme Court, Westchester County (Giacomo, J.), dated February 28, 2013, as, upon a jury verdict on the issue of liability finding, inter alia, that it was 60% at fault in the happening of the accident, that the plaintiff Robert L. Loja was 30% at fault, and that the defendants/third-party plaintiffs were 10% at fault, and upon the denial of that branch of its motion which was, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of apportionment of fault as contrary to the weight of the evidence and for a new trial on that issue, is in favor of the plaintiffs and against the defendants/third-party plaintiffs, and is in favor of the defendants/third-party plaintiffs and against it, and the defendants/third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same amended judgment as, upon a separate jury verdict on the issues of damages, is in favor of the plaintiffs and against them in the principal sums of $2,500,000 for past pain and suffering, $3,000,000 for future pain and suffering, $1,100,000 for future loss of income, $3,225,018 for future medical expenses, $500,000 for past loss of services, and $500,000 for future loss of services.

Ordered that the amended judgment is reversed insofar as appealed from, on the facts, that branch of the motion of the third-party defendant which was, in effect, pursuant to CPLR 4404 (a) to set aside so much of the jury verdict on the issue of apportionment of fault as contrary to the weight of the evidence and for a new trial on that issue is granted, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of apportionment of fault unless, within 30 days after service upon the plaintiffs and the defendants/third-party plaintiffs of a copy of this decision and order, the plaintiffs and the defendants/third-party plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the apportionment of the fault to the third-party defendant from 60% to 40%, to reduce the apportionment of the fault to the plaintiff Robert L. Loja from 30% to 10%, and to increase the apportionment of the fault to the defendants/third-party plaintiffs from 10% to 50%; in the event that the plaintiffs and the defendants/third-party plaintiffs so stipulate, the amended judgment, as so further amended, is affirmed insofar as appealed from; and it is further,

Ordered that the amended judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant payable by the plaintiffs and the defendants/third-party plaintiffs.

In the morning of October 24, 2008, Robert L. Loja (hereinafter the injured plaintiff), an employee of the third-party defendant Sleepy Hollow Landscaping Lawn Care, Inc. (hereinafter Sleepy Hollow Landscaping), was struck by a vehicle owned by the defendant Katheryn M. Lavelle and driven by her daughter, the defendant Eileen P. Lavelle (hereinafter the defendant-driver). The injured plaintiff was struck as he attempted to close the trailer ramp to a truck owned by Sleepy Hollow Landscaping that was parked in a lane of traffic on Benedict Avenue in Tarrytown. Before he was struck, the injured plaintiff had placed three cones, a green garbage can, and a "men working" sign behind the trailer. Evidence showed that the injured plaintiff parked the truck and set up the warning devices pursuant to Sleepy Hollow Landscaping's instructions and its custom and practice.

The defendant-driver testified that when she first turned onto Benedict Avenue, she noticed that the sun was very bright. She was not traveling more than about 30 miles per hour. The defendant-driver testified that, about 100 feet before she reached the site of the accident, the sun suddenly became blinding and it "made [her] windshield white." The defendant-driver "lightly" applied the brake, but "kept going forward." The defendant-driver testified that "[w]hen [her] windshield went white [she] traveled for two or three seconds when [she] hit something, and then at that point [she] started to brake harder and then a second or two after that [she] came in contact with the trailer." The defendant-driver described the braking that followed the first impact as "moderate." The defendant-driver testified that she did not see the injured plaintiff, the trailer, the cones, the "men working" sign, or the green garbage can prior to the accident. Her air bag deployed upon impact with the parked trailer.

A police officer who responded to the scene of the accident testified that he observed a car that had "rear ended" a landscaping trailer and a male with both of his legs pinned by the car underneath the trailer. The police officer testified that the front end of the defendant-driver's car was tucked under the trailer. The injured plaintiff lost consciousness while he was stuck between the trailer and the truck. He regained consciousness two days later and was informed that one of his legs had been amputated as a result of the accident.

Following a trial on the issue of liability, the jury apportioned 10% of the fault to the defendants/third-party plaintiffs, 60% of the fault to Sleepy Hollow Landscaping, and 30% of the fault to the injured plaintiff. Following a trial on the issue of damages, the jury awarded the plaintiffs the principal sums of $2,500,000 for past pain and suffering, $3,000,000 for future pain and suffering, $1,100,000 for future loss of income, $3,225,018 for future medical expenses, $500,000 for past loss of services, and $500,000 for future loss of services.

"[A] jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Sokolik v Pateman*, 114 AD3d 839, 840 [2014]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (*Sokolik v Pateman*, 114 AD3d at 840-841; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). The apportionment of fault among the parties is generally an issue of fact for the jury (*see Donahue v Smorto*, 240 AD2d 464, 465 [1997]; *Rhoden v Montalbo*, 127 AD2d 645, 646 [1987]), and the jury's apportionment of fault should not be set aside unless it could not have been reached based upon a fair interpretation of the evidence (*see Sydnor v Home Depot U.S.A., Inc.*, 74 AD3d 1185, 1187-1188 [2010]; *Rhoden v Montalbo*, 127 AD2d at 646).

Here, the jury's apportionment of fault in this case was not supported by a fair interpretation of the evidence (*see Buckley v Haque*, 112 AD3d 769, 772 [2013]; *see also DiDonna v Houck*, 111 AD3d 662, 664 [2013]; *Dockery v Sprecher*, 68 AD3d 1043, 1046 [2009]; *Mandel v New York County Pub. Adm'r*, 29 AD3d 869, 871 [2006]; *Cintron v New York City Tr. Auth.*, 22 AD3d 248, 248 [2005]; *Stevens v New York City Tr. Auth.*, 19 AD3d 583, 585 [2005]). An apportionment of 10% of the fault to the injured plaintiff, 50% of the fault to the defendants/third-party plaintiffs, and 40% of the fault to Sleepy Hollow Landscaping better reflects a fair interpretation of the evidence (*see Dockery v Sprecher*, 68 AD3d at 1046; *Mandel v New York County Pub. Adm'r*, 29 AD3d at 871; *Cintron v New York City Tr. Auth.*, 22 AD3d at 248; *Stevens v New York City Tr. Auth.*, 19 AD3d at 585).

Although we agree with Sleepy Hollow Landscaping that the trial court erred in permitting evidence that an Occupational Safety and Health Act citation was issued to Sleepy Hollow

Landscaping in connection with this incident (*see Callahan v Carlin Constr. Co.*, 223 AD2d 459, 459-460 [1996]; *see generally* Mark A. Rothstein, Occupational Safety & Health Law § 21:13 [Feb. 2015]), and further erred in permitting evidence that parking summonses were issued to Sleepy Hollow Landscaping in connection with this incident (*cf. Augustine v Village of Interlaken*, 68 AD2d 705, 711 [1979]), under the circumstances of this case, these errors were harmless and do not provide an independent basis for reversal (*see* CPLR 2002; *Williams v New York City Tr. Auth.*, 121 AD3d 780, 781 [2014]; *Ewanciw v Atlas*, 65 AD3d 1077, 1078 [2009]). Sleepy Hollow Landscaping's challenge to certain summation comments is unpreserved for appellate review (*see Lind v City of New York*, 270 AD2d 315, 317 [2000]). Sleepy Hollow Landscaping's remaining contention that the court erred in allowing the plaintiffs to introduce expert testimony against it is without merit.

Contrary to the contention of the defendants third-party plaintiffs, the jury's awards for past and future pain and suffering, future medical expenses, future loss of earnings, and past and future loss of services did not deviate materially from reasonable compensation (*see* CPLR 5501 [c]). Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.