Robinson v Brooklyn Union Gas Co. (2018 NY Slip Op 02819)





Robinson v Brooklyn Union Gas Co.


2018 NY Slip Op 02819


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2015-10521
 (Index No. 14657/05)

[*1]Lillian Robinson, appellant, 
v
Brooklyn Union Gas Company, et al., defendants, City of New York, respondent.


Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Susan Paulson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Larry D. Martin, J.), entered September 21, 2015. The judgment, insofar as appealed from, upon a jury verdict, and upon the denial of the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict with respect to damages for past and future pain and suffering as inadequate, and apportionment of fault as contrary to the weight of the evidence, awarded the plaintiff the principal sum of only $38,747.00.
ORDERED that the judgment is modified, on the facts, by deleting the provision thereof apportioning 80% of the fault to the plaintiff; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the plaintiff's motion which was to set aside the jury verdict with respect to apportionment of fault is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial with respect to the apportionment of fault and thereafter the entry of an amended judgment unless, within 30 days after service upon her of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to the apportionment of 55% of the fault to her and 45% of the fault to the defendant City of New York, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so amended, is affirmed insofar as appealed from, without costs or disbursements.
On February 9, 2004, the plaintiff was injured on Van Buren Street, in Brooklyn, when she stepped into a pothole that had been covered by black ice. The incident occurred about 100 feet from the nearest crosswalk, as the plaintiff was crossing the street to return to her home after parking her car. The plaintiff's fibula was fractured in "at least two" places, and her tibia was fractured as well. One of the fractures was an "open" fracture. The plaintiff underwent surgery, which included the permanent installation of a rod and screws. She commenced this action to recover damages for her injuries. By the time of trial, the only remaining defendant was the City of New York.
After trial, the jury returned a verdict finding the City 20% at fault and the plaintiff [*2]80% at fault, and it awarded damages for the plaintiff's past pain and suffering in the sum of $150,000 (subject to reduction upon apportionment), but declined to award any damages for future pain and suffering. The plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict with respect to past pain and suffering as inadequate, and to set aside the verdict with respect to apportionment of fault and future pain and suffering as contrary to the weight of the evidence. The Supreme Court denied the plaintiff's motion, and a judgment in the principal sum of $38,747 was entered. The plaintiff appeals.
"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Cinao v Reers, 109 AD3d 781, 782). This principle also applies to a jury's apportionment of fault (see Loja v Lavelle, 132 AD3d 637, 640). Here, the jury's determination that the plaintiff was 80% at fault was not supported by a fair interpretation of the evidence in light of the undisputed evidence regarding the condition of the street (see id. at 640). An apportionment of 55% of the fault to the plaintiff and 45% of the fault to the defendant City of New York better reflects a fair interpretation of the evidence (see id.).
We find no basis, however, to disturb the jury's verdict with respect to damages. The jury's verdict with respect to past pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501[c]; Peterson v MTA, 155 AD3d 795, 798), and we cannot conclude that the jury's verdict awarding zero damages for future pain and suffering was contrary to the weight of the credible evidence (see Rabinowitz v Elimian, 55 AD3d 813, 814).
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court