Granata v City of White Plains (2018 NY Slip Op 03964)





Granata v City of White Plains


2018 NY Slip Op 03964


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2015-11740
2016-01442
 (Index No. 8308/07)

[*1]Theodore Granata, Jr., etc., et al., respondents, 
v
City of White Plains, appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Peter A. Meisels and Joanna M. Topping of counsel), for appellant.
Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY (Kenneth L. Gartner and Joseph Covello of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Sam D. Walker, J.), entered November 4, 2015, and (2) a judgment of the same court entered December 23, 2015. The order denied the defendant's motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the plaintiffs and against the defendant and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the verdict on the issues of liability and apportionment of fault as contrary to the weight of the evidence and for a new trial on those issues, and to set aside so much of the verdict as awarded damages for conscious pain and suffering in the principal sum of $500,000. The judgment, upon the jury verdict, and upon the order, is in favor of the plaintiffs and against the defendant in the principal sum of $1,983,438.34.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is modified, on the facts, by deleting the provision thereof apportioning 100% of the fault to the defendant; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the defendant's motion which was to set aside the jury verdict on the issue of apportionment of fault is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for a new trial with respect to the apportionment of fault between the defendant and the nonparty tortfeasor and thereafter the entry of an amended judgment, unless, within 30 days after service upon them of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to the apportionment of 65% of the fault in the happening of the subject attack to the defendant and 35% of the fault in the happening of the attack to the nonparty tortfeasor, and to the entry of an amended judgment accordingly; in the event the plaintiffs so stipulate, then the judgment, as so amended, is affirmed, without costs or disbursements.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been [*2]considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiffs' decedent died after being stabbed in a parking garage owned, operated, and maintained by the defendant, City of White Plains. The plaintiffs subsequently commenced this action against the City and others, inter alia, to recover damages for negligence. After a trial, the jury found that the plaintiffs proved by a preponderance of the evidence that the incident that caused the decedent's death was foreseeable, that the City had failed to provide minimal precautionary measures to secure the garage, and that the City's negligence was a substantial factor in causing the decedent's death. The jury apportioned 100% of the fault in the happening of the incident to the City and 0% of the fault to the nonparty tortfeasor. The jury awarded the plaintiffs damages, including the principal sum of $500,000 for the decedent's conscious pain and suffering between the time that she was stabbed and the time she died.
The City moved pursuant to CPLR 4404 to set aside the jury verdict and for judgment as a matter of law dismissing the complaint. The City alternatively sought to set aside the verdict on the issues of liability and apportionment of fault as contrary to the weight of the evidence and for a new trial with respect to liability and the apportionment of fault between the defendant and the nonparty tortfeasor, and to set aside the $500,000 award of damages for conscious pain and suffering. The Supreme Court denied the City's motion and entered a judgment in favor of the plaintiffs and against the City, awarding the plaintiffs the principal sum of $1,983,438.34. The City appeals.
Contrary to the City's contention, it was not entitled to governmental immunity for these claims, which arose out of the performance of proprietary functions. In that respect, the plaintiffs offered proof that the City failed in its capacity as a commercial owner of a public parking garage to meet the basic proprietary obligation of providing minimal security for its garage property (see Granata v City of White Plains, 120 AD3d 1187, 1188-1189; see generally Miller v State of New York, 62 NY2d 506, 511-512).
Contrary to the City's further contentions, the plaintiffs made out a prima facie case of negligence at trial, and the jury's finding in this regard was not against the weight of the evidence. Under the circumstances of this case, in which the plaintiffs established that the City employed almost no security measures in the parking garage where the decedent was murdered, no expert testimony was necessary for the plaintiffs to establish that the City breached its duty to provide minimal security precautions to protect the patrons of the parking garage where the decedent was murdered (see Ortiz v New York City Hous. Auth., 22 F Supp 2d 15, 24 [ED NY], affd 198 F3d 234 [2d Cir]; cf. Iannelli v Powers, 114 AD2d 157, 162). Additionally, in light of the history of criminal activity in the parking garage, which included people being ambushed as they walked to their cars, as was the decedent in this case, the City should have been aware of the "likelihood of conduct on the part of third [parties]" that would "endanger the safety" of visitors to the garage (Jacqueline S. v City of New York, 81 NY2d 288, 294).
Nor is there a basis for setting aside the award for conscious pain and suffering between the moment of the stabbing and the decedent's death. "A claim to recover damages for conscious pain and suffering requires proof that the injured party experienced some level of cognitive awareness following the injury" (Williams v City of New York, 71 AD3d 1135, 1137; see Johnson v Jacobowitz, 65 AD3d 610). "However, the factfinder is not required to sort out varying degrees of cognition" (Williams v City of New York, 71 AD3d at 1138). Moreover, the plaintiffs' burden can be satisfied by direct or circumstantial evidence (see Cummins v County of Onondaga, 84 NY2d 322, 324-325). Here, the plaintiffs presented sufficient circumstantial evidence that the decedent experienced some level of cognitive awareness after the stabbing so as to support the jury's award of damages for conscious pain and suffering following the attack.
However, the apportionment of 100% of the fault in the happening of the attack to the City was not supported by a fair interpretation of the evidence (see Loja v Lavelle, 132 AD3d 637, 640). An apportionment of 65% of the fault to the defendant and 35% of the fault to the nonparty tortfeasor better reflects a fair interpretation of the evidence (see id. at 640; see also Ortiz [*3]v New York City Hous. Auth., 22 F Supp 2d at 32-34).
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court