Fruendt v Waters (2018 NY Slip Op 05666)





Fruendt v Waters


2018 NY Slip Op 05666


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-07920
 (Index No. 14580/10)

[*1]Derek J. Fruendt, et al., plaintiffs-respondents,
v
William E. Waters, appellant, Louis J. Maccarone, et al., defendants-respondents.


Picciano & Scahill, P.C., Westbury, NY (Andrea E. Ferrucci and Keri A. Wehrheim of counsel), for appellant.
Martyn, Toher, Martyn & Rossi, Mineola, NY (Thomas M. Martyn of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant William E. Waters appeals from a judgment of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), dated June 28, 2016. The judgment, insofar as appealed from, upon a jury verdict finding the defendant William E. Waters to be 85% at fault in the happening of the accident and the defendant Louis J. Maccarone to be 15% at fault, is in favor of the plaintiff and against the defendant William E. Waters awarding damages.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The defendant William E. Waters was driving north on the Sagtikos Parkway when his vehicle allegedly was forced by another vehicle onto the grass to the right of the roadway, causing Waters to lose control of his vehicle. Waters' vehicle struck the plaintiffs' vehicle, which flipped over, injuring the plaintiff Derek J. Fruendt (hereinafter the injured plaintiff). The other vehicle allegedly involved in the accident was operated by the defendant Louis J. Maccarone and owned by the defendant Maccarone Leasing. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendants to recover damages for personal injuries and loss of consortium. At a jury trial, there was conflicting testimony as to whether Waters' vehicle was forced onto the grass by Maccarone merging his vehicle into Waters' vehicle or, alternatively, whether Waters purposefully drove onto the grass in an attempt to pass Maccarone. The jury found both Waters and Maccarone liable, apportioning 85% of the fault to Waters and 15% of the fault to Maccarone. Waters appeals.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744; Nicastro v Park, 113 AD2d 129). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (see Cohen v Hallmark Cards, 45 NY2d 493; [*2]Nicastro v Park, 113 AD2d 129). It is for the trier of fact to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the fact finders, who had the opportunity to see and hear the witnesses (see Vasquez v County of Nassau, 91 AD3d 855, 857). The apportionment of fault among the parties is also generally an issue of fact for the jury, and the jury's apportionment of fault should not be set aside unless it could not have been reached based upon a fair interpretation of the evidence (see Loja v Lavelle, 132 AD3d 637, 640).
Testimony by the parties at trial established multiple different possible factual explanations for the accident. One of those theories, which was not manifestly untrue, physically impossible, or contrary to common experience (see Ahr v Karolewski, 48 AD3d 719, 719), was that Waters was 85% at fault and Maccarone was 15% at fault because they engaged in some form of nonverbal communications that led to Waters attempting to pass Maccarone by driving partially on the grass. The jury's apportionment of fault in this case was supported by a fair interpretation of the evidence, and we decline to interfere with the jury's assessment of the credibility of the witnesses.
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court