Yankovitch v Fessel (2019 NY Slip Op 01641)





Yankovitch v Fessel


2019 NY Slip Op 01641


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2016-11482
 (Index No. 493/14)

[*1]Jacob Yankovitch, respondent, 
v
Steven E. Fessel, appellant, et al., defendant.


Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for appellant.
Koenigsberg & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Steven E. Fessel appeals from an interlocutory judgment of the Supreme Court, Kings County (Ellen M. Spodek, J.), entered October 14, 2016, which, upon a jury verdict on the issue of liability finding the plaintiff to be 60% at fault, and the defendant Steven E. Fessel to be 40% at fault, in the happening of the accident, and upon the granting of that branch of the plaintiff's motion pursuant to CPLR 4404(a) which was to set aside the jury verdict and direct that judgment be entered as a matter of law in favor of the plaintiff on the issue of liability, is in favor of the plaintiff and against the defendant Steven E. Fessel, in effect, finding that defendant 100% at fault in the happening of the accident.
ORDERED that the interlocutory judgment is reversed, on the law, with costs, the plaintiff's motion pursuant to CPLR 4404(a) is denied, the jury verdict on the issue of liability is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended interlocutory judgment.
On the evening of June 22, 2013, the defendant Steven E. Fessel (hereinafter the defendant), while driving home after attending synagogue, struck a pedestrian, the plaintiff, on West Carlton Road in Rockland County. The plaintiff subsequently commenced this action to recover damages for personal injuries. At a jury trial on the issue of liability, both the plaintiff and his brother testified that after attending the same synagogue as the defendant, they had walked together to their parents' house and were standing in the driveway of the house when the plaintiff was struck by the defendant's car. The defendant testified that he was aware that the plaintiff and his family lived next door to the synagogue, that the plaintiff's family walked to the synagogue, that "most people" walk on the opposite side of the road, "facing traffic," and that he concentrates on driving on the road looking "straight ahead." The defendant described the roadway as a "dark country road," and testified that his car lights, while at low beam, illuminated the roadway "to some degree." The defendant testified that after leaving the synagogue that night before the accident, "to the best of [his] [*2]knowledge," his car did not leave the road prior to impact.
At the close of evidence at trial, a charge conference was held. No party requested a jury instruction on the issue of comparative negligence. However, the verdict sheet included questions regarding the plaintiff's negligence and directed the jury to apportion fault between the plaintiff and the defendant (see PJI 2:36). Neither party objected to the verdict sheet. The jury returned its verdict and found the plaintiff to be 60% at fault, and the defendant to be 40% at fault, in the happening of the accident. After the jury was dismissed, the plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence or to set aside the verdict and direct that judgment be entered as a matter of law in his favor. The Supreme Court granted that branch of the plaintiff's motion which was to set aside the verdict and direct that judgment be entered as a matter of law in his favor, and an interlocutory judgment was entered, in effect, finding the defendant 100% at fault in the happening of the accident. The defendant appeals. We reverse.
A trial court may set aside a jury verdict and "direct that judgment be entered in favor of a party entitled to judgment as a matter of law"(CPLR 4404[a]). In order to find that a jury verdict is not supported by sufficient evidence as a matter of law, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499).
The Supreme Court should not have set aside the verdict as legally insufficient. It cannot be said that there was no valid line of reasoning and permissible inferences which could have led rational jurors to the conclusion reached by the jury on the basis of the evidence presented at trial. The jury was presented with evidence that both the plaintiff and the defendant may have been at fault in the happening of the accident.
The plaintiff contends that in the event this Court were to find that the Supreme Court should not have granted that branch of the plaintiff's motion which was to set aside the verdict as legally insufficient, this Court should grant that branch of the plaintiff's motion which was to set aside the verdict as against the weight of the evidence. Since the jury apportioned fault and the parties have briefed this issue, we consider the issue in the interest of judicial economy (see CPLR 5501[c]; Dockery v Sprecher, 68 AD3d 1043). Contrary to the plaintfiff's contention, however, the verdict was not against the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746).
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court