■ DOROTHY SPERGEL, Respondent, v MORRIS RUBENSTEIN et al., Appellants. [663 NYS2d 124] —In an action to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated November 12, 1996, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' cross motion for summary judgment is granted, and the complaint is dismissed.

The present legal malpractice case is based on allegations that the defendants did not properly prosecute a medical malpractice action to recover damages for the wrongful death and conscious pain and suffering of the plaintiff's decedent, who died in 1980, after suffering a stroke. In support of their cross motion for summary judgment, the defendants submitted detailed expert affirmations demonstrating that no meritorious causes of action based on wrongful death or personal injury existed. The Supreme Court denied the cross motion. We reverse.

The defendants demonstrated their entitlement to judgment as a matter of law in the first instance by proving that the decedent's death was not the result of medical malpractice. The only medical evidence submitted in opposition to the cross motion consisted of the short affirmation of Dr. Ibrahim M. Ibrahim. This affirmation was, to a large extent, "devoid of any reference to a foundational scientific basis for its conclusions" (*Romano v Stanley,* 90 NY2d 444, 452). More fundamentally, this affirmation was expressly based on the incorrect factual assumption that the plaintiff's decedent had suffered his stroke during the night following the femoral angiogram which he had undergone on May 20, 1980. In fact the decedent's stroke occurred much later. Thus, the affirmation of the plaintiff's expert was based on "material facts not supported by the evidence" (*Cassasno v Hagstrom,* 5 NY2d 643, 646; *see also, Hambsch v New York City Tr. Auth.,* 63 NY2d 723; *Nyon Sook Lee v Shields,* 188 AD2d 637).

Under these and all the other circumstances presented, the plaintiff's submissions were insufficient to demonstrate the existence of a triable issue of fact as to the merits of the underly-

ing medical malpractice action. The defendants are therefore entitled to summary judgment in the present action based on legal malpractice. Bracken, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.