■ NEREIDA BAEZ, Respondent, v ROBERT LOCKRIDGE et al., Appellants. [686 NYS2d 496] —In an action to recover damages for personal injuries based on medical malpractice and lack of informed consent, the defendants appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated April 28, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The submission of the affidavit of the defendant Robert Lockridge, M.D., in support of the defendants' motion for summary judgment satisfied the requirement that they make a prima facie showing sufficient to warrant judgment in their favor as a matter of law as to the cause of action to recover damages based on medical malpractice. The burden then shifted to the plaintiff to lay bare her proof and demonstrate the existence of a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Simms v North Shore Univ. Hosp.,* 192 AD2d 700). The plaintiff met this burden by submitting an affidavit from her medical expert which raised questions of fact with respect to the plaintiff's allegations of medical malpractice (*see, Alvarez v Prospect Hosp., supra; Fileccia v Massapequa Gen. Hosp.,* 63 NY2d 639; *Taylor v St. Vincent's Med. Ctr.,* 236 AD2d 461). Contrary to the appellants' contention, the affidavit of the plaintiff's expert was based upon facts in the record (*cf., Spergel v Rubenstein,* 243 AD2d 556).

In addition, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law with respect to the cause of action to recover damages based on lack of informed consent. The defendants' affidavit failed to allege that a reasonably prudent person in the plaintiff's position would not have declined to undergo the procedure in question if he or she had been fully informed (*see, Catechis v Corines,* 242 AD2d 519; *see generally, Winegrad v New York Univ. Med. Ctr., supra*).

The defendants' remaining contentions are without merit. Bracken, J. P., Santucci, Friedmann and Florio, JJ., concur.