■ MARCIA WASSERMAN, Respondent, v STATEN ISLAND RADIOLOGICAL ASSOCIATES et al., Appellants, et al., Defendants. [762 NYS2d 85] —In an action to recover damages for medical malpractice, the defendants Staten Island Radiological Associates, Leonard Berliner, Nedunchezian Sithian, Robert Silich, John D'Anna, Jr., and Ellen Koeffler appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated January 25, 2002, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Staten Island Radiological Associates, Nedunchezian Sithian, Robert Silich, John D'Anna, Jr., and Ellen Koeffler, and substituting therefor a provision granting the motion and dismissing the complaint insofar as asserted against those defendants; as so modified, the order is affirmed, with costs, and the action against the remaining defendants is severed.

The plaintiff alleged that the defendants Leonard Berliner (a radiologist), Ellen Koeffler (an internist), and Nedunchezian Sithian, Robert Silich, and John D' Anna, Jr. (general surgeons), committed medical malpractice by failing to diagnose Reflex Sympathetic Dystrophy (hereinafter RSD), a nerve disorder, in her right ankle.

"Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions

undertaken by the physician and relied on by the patient" (*Chulla v DiStefano,* 242 AD2d 657, 658 [1997]; *Markley v Albany Med. Ctr. Hosp.,* 163 AD2d 639, 640 [1990]). In the case at bar, Koeffler, Sithian, Silich, and D'Anna, established their prima facie entitlement to summary judgment by presenting evidence which showed that they did not depart from good and accepted medical practice by deferring to orthopedic specialists for the assessment and treatment of the plaintiff's ankle, and that they could not be charged with a duty to diagnose RSD in the plaintiff's ankle since they were not involved in this aspect of her care (*see Yasin v Manhattan Eye, Ear & Throat Hosp.,* 254 AD2d 281, 282-283 [1998]; *Chulla v DiStefano, supra; Markley v Albany Med. Ctr. Hosp., supra*). In opposition, the plaintiff failed to raise a triable issue of fact. As such, the Supreme Court erred in denying those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Staten Island Radiological Associates, Koeffler, Sithian, Silich, and D'Anna.

However, the Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Leonard Berliner. Although Berliner established his prima facie entitlement to summary judgment through the submission of affidavits and medical records (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), the plaintiff sustained her burden in opposing the motion by submitting the affidavit of her medical expert, which raised a triable issue of fact as to whether Berliner departed from good and accepted medical practice (*see Baez v Lockridge,* 259 AD2d 573 [1999]). Altman, J.P., Smith, McGinity and Cozier, JJ., concur.