■ MARCIA WASSERMAN, Respondent, v STATEN ISLAND RADIO-LOGICAL ASSOCIATES et al., Appellants, et al., Defendants. [770 NYS2d 108]—

Motion by the defendant Leonard Berliner for leave to reargue an appeal from an order of the Supreme Court, Richmond County, dated January 25, 2002, which was determined by decision and order of this Court dated May 27, 2003, and cross motion by the plaintiff, inter alia, to amend or resettle the decision and order of this Court dated May 27, 2003, to reinstate the complaint insofar as asserted against the defendant Staten Island Radiological Associates.

Upon the papers filed in support of the motion and the cross motion, and the papers filed in opposition thereto, it is

Ordered that the cross motion is denied; and it is further,

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated May 27, 2003 (*Wasserman v Staten Is. Radiological Assoc.*, 305 AD2d 669 [2003]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for medical malpractice, the defendants Staten Island Radiological Associates, Leonard Berliner, Nedunchezian Sithian, Robert Silich, John D'Anna, Jr., and Ellen Koeffler appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated January 25, 2002, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff alleged that the defendants Staten Island Radiological Associates (hereinafter Radiological Associates), Leonard Berliner (a radiologist), Ellen Koeffler (an internist), Nedunchezian Sithian, Robert Silich, and John D'Anna, Jr.

(general surgeons) committed medical malpractice by failing to diagnose Reflex Sympathetic Dystrophy (hereinafter RSD), a nerve disorder, in her right ankle. Berliner is a member of Radiological Associates.

"Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (*Chulla v DiStefano,* 242 AD2d 657, 658 [1997]; *Markley v Albany Med. Ctr. Hosp.,* 163 AD2d 639, 640 [1990]). In the case at bar, Koeffler, Sithian, Silich, and D'Anna established their prima facie entitlement to summary judgment by presenting evidence which showed that they did not depart from good and accepted medical practice by deferring to the orthopedic specialists for the assessment and treatment of the plaintiff's ankle, and that they could not be charged with a duty to diagnose RSD in the plaintiff's ankle, since they were not involved in this aspect of her care (*see Yasin v Manhattan Eye, Ear & Throat Hosp.,* 254 AD2d 281, 282-283 [1998]; *Chulla v DiStefano, supra; Markley v Albany Med. Ctr. Hosp., supra*). In opposition, the plaintiff failed to raise a triable issue of fact with respect to the defendants Koeffler, Sithian, Silich, and D'Anna.

Radiological Associates and Berliner also established their prima facie entitlement to summary judgment through the submission of affidavits and medical records (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). The evidence submitted by Berliner and Radiological Associates established that Berliner never examined the plaintiff and that Berliner only interpreted X-rays of the plaintiff's ankle and reported that the films revealed no evidence of any fracture or dislocation. The affidavit of the plaintiff's medical expert, Dr. Brenner, failed to raise a triable issue of fact since Brenner did not demonstrate that Berliner failed to properly interpret the subject X-rays, or that the X-rays revealed any fracture or dislocation.

Accordingly, the Supreme Court erred in denying the motion of the defendants Radiological Associates, Berliner, Koeffler, Sithian, Silich, and D'Anna for summary judgment dismissing the complaint insofar as asserted against them. Altman, J.P., Smith, McGinity and Cozier, JJ., concur.