■ DENISE M. COVERT et al., Respondents, v RICHARD F. WALKER et al., Defendants, and ORANGE REGIONAL MEDICAL CENTER et al., Appellants. [918 NYS2d 208]—

The defendant radiologist Elizabeth Ramirez interpreted a CT scan of the thorax of the plaintiffs' decedent on April 26, 2005, and noted, inter alia, the existence of adenopathy (enlarged lymph nodes), which was of uncertain etiology, and recommended correlation with the decedent's clinical history. A biopsy of the decedent's lung tissue was not taken until December 27, 2005, after the decedent presented to her pulmonologist with a paralyzed vocal cord. The biopsy led to a diagnosis of non-small-cell carcinoma of the lung, and the decedent died from that condition on April 5, 2006. The administrators of the decedent's estate commenced this action against, inter alia, Ramirez, seeking damages for medical malpractice and wrongful death.

"Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (*Chulla v DiStefano*, 242 AD2d 657, 658 [1997]; *see Markley v Albany Med. Ctr. Hosp.*, 163 AD2d 639, 640 [1990]). In support of her motion for summary judgment dismissing the complaint insofar as asserted against her, Ramirez established her prima facie entitlement to judgment as a matter of law by demonstrating that she fulfilled her duty of care by duly noting in her radiologic report, inter alia, the existence of adenopathy of uncertain etiology. In opposition, the plaintiffs failed to raise a triable issue of fact, as Ramirez had no further responsibility to independently diagnose the decedent's condition (*see Dockery v Sprecher*, 68 AD3d 1043, 1045-1046 [2009]; *Mosezhnik v Berenstein*, 33 AD3d 895, 897 [2006]; *Wasserman v Staten Is. Radiological Assoc.*, 2 AD3d 713, 714 [2003]; *Giberson v Panter*, 286 AD2d 217 [2001]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted

Ramirez's motion for summary judgment dismissing the complaint insofar as asserted against her. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.