■ YVROSE GERMAIN, Respondent, v EDA M. IRIZARRY, Appellant. [918 NYS2d 523]—

This action arises from a two-car collision which occurred in Queens County on July 16, 2004. As a result of the accident, the plaintiff allegedly sustained disc bulges and/or herniations to the cervical and lumbar regions of her spine. Thereafter, the plaintiff commenced this action, alleging, inter alia, that the accident caused her to sustain serious personal injuries within the meaning of Insurance Law § 5102 (d).

A bifurcated jury trial on the issue of liability was held, resulting in a verdict of 100% fault in favor of the plaintiff and against the defendant. Thereafter, the matter proceeded to a jury trial on the issue of damages, at which it was disclosed that the plaintiff had been involved in two prior accidents involving injuries to her spine: one in 1998, and one in 1999. In the 1998 accident, the plaintiff injured the lumbosacral region of her spine while lifting a patient at work. In the 1999 accident, the plaintiff injured both the cervical and lumbosacral regions of her spine when her car was struck in the rear by another motor vehicle.

Dr. Eric Roth, a board-certified physician in the area of physical medicine and rehabilitation, testified as the sole medical witness on the plaintiff's behalf. Dr. Roth reviewed the plaintiff's magnetic resonance imaging (hereinafter MRI) films relating to the current accident and testified extensively as to the plaintiff's treatment, including restricted ranges of motion. On cross-examination, Dr. Roth testified that the plaintiff did not inform him about either of her two prior accidents and that he never saw the MRI results obtained after the plaintiff's prior accidents. However, during his direct testimony, Dr. Roth was asked to assume that the plaintiff had been involved in a prior accident in May 1999 and sustained certain injuries, but had returned to work full time with no limitations. Dr. Roth was then asked whether, under those circumstances, that prior accident was the cause of the pain presently complained of by the plaintiff. Dr. Roth testified that, based upon the plaintiff's

return to work with no pain, that prior accident was not the cause of the plaintiff's current pain. Dr. Roth was further asked to assume that certain MRI studies taken prior to the subject accident demonstrated bulges and herniations to the cervical region of the plaintiff's spine, and to state whether those conditions were the cause of the plaintiff's present pain. Dr. Roth opined that those prior conditions were not the cause of the plaintiff's present pain based upon the fact that the plaintiff alleged that she never had pain until the subject accident. Moreover, Dr. Roth opined, with a reasonable degree of medical certainty, that the injuries which the plaintiff sustained in the subject accident were permanent, since they had persisted for five years and had not responded to any of the treatment which she received.

At the conclusion of the plaintiff's case, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, contending that the plaintiff failed to meet her burden of establishing that she sustained a serious injury as a result of the subject accident. Counsel argued, inter alia, that Dr. Roth admitted that he was unaware of the plaintiff's prior two accidents, rendering his testimony speculative. The Supreme Court reserved decision on the defendant's motion.

During the defendant's case, a neurologist testified, based upon his examination of the plaintiff in May 2006, that the plaintiff exhibited no evidence of any neurological problem or disability.

After the Supreme Court disbanded the jury because it was unable to reach a verdict, the defendant renewed her motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. Once again, the defendant contended that Dr. Roth's opinion as to the causal connection between the claimed injuries and the subject accident was speculative because Dr. Roth was unaware of the plaintiff's prior accidents. In the order appealed from, the Supreme Court denied the defendant's motion, and the defendant appeals. On appeal, the defendant, inter alia, reiterates her contention that Dr. Roth failed to adequately address the plaintiff's two prior accidents, thus rendering his opinion on proximate cause speculative. We affirm.

A party's motion pursuant to CPLR 4401 for judgment as a matter of law should be granted only when, accepting the opposing party's evidence as true, and according that evidence the benefit of every favorable inference that can reasonably be drawn therefrom, there is no rational process by which the fact finder could base a finding in favor of the nonmoving party (*see*

*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Nestro v Harrison*, 78 AD3d 1032, 1033 [2010]; *Dockery v Sprecher*, 68 AD3d 1043, 1045 [2009]; *Wehr v Long Is. R.R. Co.*, 38 AD3d 880, 880-881 [2007]).

When "contributory factors interrupt the chain of causation between [a plaintiff's] accident and claimed injury—such as . . . a preexisting condition—summary dismissal of the complaint may be appropriate" (*Pommells v Perez*, 4 NY3d 566, 572 [2005]). Here, contrary to the defendant's contention, the Supreme Court properly denied her motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. This is because, affording the plaintiff every favorable inference from the evidence submitted, there was a rational process by which the jury could have found that the plaintiff's injuries were caused by the subject accident rather than the prior accidents. To the extent that the defendant asserts that this Court has held that a plaintiff's expert in an action to recover damages for serious injuries within the meaning of Insurance Law § 5102 (d) must always address all of the plaintiff's prior accidents and review all of a plaintiff's prior medical records relating to those accidents, that contention is without merit. The cases cited by the defendant are largely inapplicable because, in those cases, we determined that the moving defendants had met their prima facie burdens in establishing their entitlement to judgment as a matter of law pursuant to CPLR 3212 and, in opposition, the plaintiffs had failed to rebut the defendants' prima facie showings by raising a triable issue of fact. By contrast, here, the plaintiff's burden at trial was to establish that she sustained a serious injury within the meaning of Insurance Law § 5102 (d).

The defendant's remaining contentions are without merit. Covello, J.P., Angiolillo, Leventhal and Belen, JJ., concur.