◼ LINA RIVERA, Appellant, v NEW YORK PRESBYTERIAN HOSPITAL et al., Defendants, and ANDREW J. SZABO, Respondent. [944 NYS2d 181]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Hart, J.), entered September 3, 2010, which, upon the granting of the motion of the defendant Andrew J. Szabo pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case, is in favor of that defendant and against her, dismissing the complaint insofar as asserted against him.

Ordered that the judgment is affirmed, with costs.

"A party's motion pursuant to CPLR 4401 for judgment as a matter of law should be granted only when, accepting the opposing party's evidence as true, and according that evidence the benefit of every favorable inference that can reasonably be drawn therefrom, there is no rational process by which the fact finder could base a finding in favor of the nonmoving party" (*Germain v Irizarry*, 82 AD3d 833, 835 [2011]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Dockery v Sprecher*, 68 AD3d 1043, 1045 [2009]). "Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (*Covert v Walker*, 82 AD3d 825, 826 [2011] [internal quotation marks omitted]; *see Ellis v Eng*, 70 AD3d 887, 892 [2010]; *Dockery v Sprecher*, 68 AD3d at 1046).

Here, viewing the plaintiff's evidence in the light most favorable to the plaintiff, there was no evidence that the defendant Andrew J. Szabo, who was treating the decedent's thyroid cancer, undertook to diagnose or treat the decedent's liver disease, which he knew was being treated by the decedent's gastroenterologist. Accordingly, the Supreme Court properly granted Szabo's motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against him (*see Ellis v Eng*, 70 AD3d at 892; *Dockery v Sprecher*, 68 AD3d at 1045-1046; *Wasserman v Staten Is. Radiological Assoc.*, 2 AD3d 713, 714 [2003]).

In light of our determination, we need not reach the plaintiff's remaining contentions. Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.