■ BRIAN CHIN, Respondent, v LONG ISLAND COLLEGE HOSPITAL et al., Defendants, and JON SLAUGHTER, Appellant. [990 NYS2d 543]—

In an action to recover damages for medical malpractice, the defendant Jon Slaughter appeals from an order of the Supreme Court, Kings County (Bunyan, J.), entered February 4, 2013, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Jon Slaughter for summary judgment dismissing the complaint insofar as asserted against him is granted.

On November 5, 2009, at 6:33 a.m., the then-51-year-old plaintiff arrived by ambulance at the defendant Long Island College Hospital (hereinafter LICH). The plaintiff was admitted to the emergency room complaining of feeling overwhelmed by stress. The defendant Laurie Mahoney, an emergency room physician, after examining the plaintiff, concluded that his symptoms were consistent with depression, ordered several tests, and ordered a consultation with a psychiatrist. After some of the test results came back, Mahoney telephoned the defendant Jon Slaughter (hereinafter the appellant), a psychiatrist working in LICH's psychiatric emergency room, for a psychiatric consultation. Mahoney advised the appellant that she anticipated that the plaintiff would be medically cleared, and asked the appellant to confirm her initial assessment that the plaintiff was not suicidal or a risk to others and, thus, would not require involuntary admission. First, the appellant reviewed the plaintiff's chart, looking for any indication that he had suicidal or homicidal ideation. Then, after performing his evaluation, the appellant concluded that the plaintiff was not a danger to himself or others and would not require involuntary admission. The appellant, inter alia, offered the plaintiff a referral for outpatient psychiatric treatment for depression. As the appellant was gathering information regarding the outpatient referral, the plaintiff and his partner left the hospital before being formally discharged by Mahoney, who was still waiting for medical test results and overseeing his treatment.

The plaintiff became unresponsive in the cab ride home and returned to the emergency room at approximately 11:28 a.m., about 45 minutes after leaving LICH. Mahoney reexamined him, ordered more tests, and consulted with a cardiologist, who recommended a neurology consultation. Subsequently, a neurol-

ogy resident informed Mahoney of his assessment that the plaintiff was having a stroke. The plaintiff was diagnosed as having suffered an ischemic stroke. The appellant did not treat the plaintiff at any time after he returned to the hospital emergency room.

The plaintiff commenced this medical malpractice action against, among others, LICH, Mahoney, and the appellant. As to the appellant, the plaintiff alleged that he departed from accepted medical practice in various ways that contributed to a failure to timely diagnose and treat the stroke. Specifically, the alleged departures included, inter alia, the appellant's failure to perform a neurological examination and rule out a neurological etiology for his symptoms, develop a list of differential diagnoses, and refer the plaintiff for further diagnostic studies to work up neurological problems. The Supreme Court denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him.

"Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (*Rivera v New York Presbyt. Hosp.*, 95 AD3d 861, 862 [2012] [internal quotation marks omitted]; *see Covert v Walker*, 82 AD3d 825, 826 [2011]; *Wasserman v Staten Is. Radiological Assoc.*, 2 AD3d 713, 714 [2003]). Here, the appellant established his prima facie entitlement to judgment as a matter of law by demonstrating that his duty of care as a consulting psychiatrist did not extend to the departures alleged by the plaintiff. Under these circumstances, where the plaintiff was being actively treated by an emergency room physician for any medical causes of his symptoms, and exhibited no clear signs of neurological problems at the time, the appellant had no duty beyond properly performing an evaluation to determine whether the plaintiff was a danger to himself or others and would require involuntary admission for depression (*see Burtman v Brown*, 97 AD3d 156, 161-162 [2012]; *Rivera v New York Presbyt. Hosp.*, 95 AD3d at 862; *Covert v Walker*, 82 AD3d at 826; *Dombroski v Samaritan Hosp.*, 47 AD3d 80, 84-86 [2007]; *Wasserman v Staten Is. Radiological Assoc.*, 2 AD3d at 714; *see also Ozugowski v City of New York*, 90 AD3d 875, 876 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against him. Mastro, J.P., Chambers, Lott and Roman, JJ., concur.