◼ KIM LINDENBAUM, Individually and as Attorney-in-Fact for PAUL C. LINDENBAUM, Appellant, v RICHARD FEDERBUSH, M.D., et al., Respondents. [41 NYS3d 260]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Hart, J.), entered April 18, 2014, which, upon the granting of the defendants' motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law and on the facts, with costs, the defendants' motion pursuant to CPLR 4401 is denied, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

On December 9, 2008, Paul Lindenbaum went to his primary care physician, the defendant Richard Federbush, complaining of stomach pains. Federbush sent Lindenbaum to the emergency room at the defendant Long Island Jewish Medical Center (hereinafter LIJ) for tests. The following morning, Lindenbaum faxed the preliminary test results to Federbush, and the two spoke on the telephone about the results. Federbush told Lindenbaum that he had colitis, and Federbush recommended that he continue to take the antibiotics which had been prescribed at LIJ. However, Lindenbaum's condition turned out to be caused not by colitis, but by an abscess, which subsequently infected his brain, and caused brain damage.

The plaintiff, individually and as attorney-in-fact for Lindenbaum, commenced this action against Federbush and his professional corporation, Richard Federbush, M.D., P.C. (hereinafter together Federbush), LIJ, and various doctors who treated Lindenbaum at LIJ. The matter was settled as to all of the defendants other than Federbush and a trial commenced against Federbush. Federbush moved, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, arguing that he ceased to have a duty of care to Lindenbaum after he referred him to the emergency room at LIJ. The Supreme Court granted the motion, holding that Federbush owed no duty of care to Lindenbaum. The plaintiff appeals, and we reverse.

"Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (*Rivera v New York Presbyt. Hosp.*, 95 AD3d 861, 862 [2012] [internal quotation marks omitted]; *see Chin v Long Is. Coll. Hosp.*, 119 AD3d 833, 834 [2014]; *Covert v Walker*, 82 AD3d 825, 826 [2011]; *Wasserman v Staten Is. Radiological Assoc.*, 2 AD3d 713, 714 [2003]). Here, Federbush continued to have a duty to Lindenbaum after he was sent to LIJ for tests, because Federbush was involved with Lindenbaum's care when he spoke with him regarding the preliminary test results and recommended that he continue to take the prescribed antibiotics (*see Trauring v Gendal*, 121 AD3d 1097 [2014]; *Olgun v Cipolla*, 82 AD3d 1186, 1187 [2011]; *cf. Wasserman v Staten Is. Radiological Assoc.*, 2 AD3d at 714).

Accordingly, the Supreme Court should not have granted

Federbush's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, and the matter must be remitted to the Supreme Court, Queens County, for a new trial. Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.