Evans v Esposito (2019 NY Slip Op 08138)





Evans v Esposito


2019 NY Slip Op 08138


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


10323 21144/11

[*1] Joyce Evans, Plaintiff-Respondent,
v
Darren Esposito, M.D., et al., Defendants-Appellants, Deborah J. White, M.D., et al., Defendants.


Brown, Gaujean, Kraus & Sastow, PLLC, White Plains (Bridget Kyle of counsel), for Darren Esposito, M.D., and Advantage Care Medicine, P.C., appellants.
Kaufman Borgeest & Ryan LLP, Valhalla (Rebecca A. Barrett of counsel), for Montefiore Medical Center Weiler/Einstein Division and Akinori Adachi, M.D., appellants.
Law Office of Michael H. Joseph, P.L.L.C., White Plains (Michael H. Joseph of counsel), for respondent.



Order, Supreme Court, Bronx County (Lewis J. Lubell, J.), entered on or about July 17, 2018, which denied defendants Darren Esposito, M.D. and Advantage Care Medicine, P.C.'s and defendants Akinori Adachi, M.D., and Montefiore Medical Center Weiler/Einstein Division's motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants established prima facie, through medical records, deposition testimony, and expert affirmations, that the alleged malpractice was not the proximate cause of any injury to plaintiff (see generally Kristal R. v Nichter, 115 AD3d 409, 411 [1st Dept 2014]). In opposition, plaintiff raised issues of fact as to defendants' negligence. Plaintiff's expert affirmed that a fistula such as the one with which defendant Adachi diagnosed plaintiff necessarily requires prompt surgical treatment and that a delay in seeking treatment would increase the risk of an infection and cause the fistula symptoms to worsen. Ultimately, plaintiff did not receive surgical treatment for approximately three months after the fistula was diagnosed. Although Adachi received confirmation that plaintiff's test results indicated that she had a fistula, plaintiff testified that Adachi did not initially schedule a follow-up appointment to discuss the results and did not respond to plaintiff's inquiries about scheduling an appointment to discuss them.
Defendant Esposito made appropriate referrals to specialists to diagnose and establish a treatment plan for plaintiff's fistula (see Wasserman v Staten Is. Radiological Assoc., 2 AD3d 713, 714 [2d Dept 2003]). However, the record does not conclusively demonstrate that he was not thereafter involved in that aspect of plaintiff's care (see Lindenbaum v Federbush, 144 AD3d 869, 870 [2d Dept 2016]; Wasserman, 2 AD3d at 714; Burtman v Brown, 97 AD3d 156, 162-163 [1st Dept 2012]). Plaintiff's testimony and affirmation raised an issue of fact as to whether
Esposito or another doctor actually referred plaintiff to a surgeon to treat the fistula in July of 2009.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK