Yanchynska v Wertkin (2019 NY Slip Op 09320)





Yanchynska v Wertkin


2019 NY Slip Op 09320


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-11333
 (Index No. 61029/14)

[*1]Natalia Yanchynska, appellant, 
v
Martin G. Wertkin, etc., defendant, Maria Andreyko, etc., et al., respondents.


Kramer, Dillof, Livingston & Moore, New York, NY (Matthew Gaier and Pani Vo of counsel), for appellant.
Martin Clearwater & Bell LLP, New York, NY (Barbara D. Goldberg, Michael A. Sonkin, and Michael F. Bastone of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated September 21, 2016. The order, insofar as appealed from, granted the motion of the defendants Maria Andreyko and Southern Westchester OB/GYN Associates, PLLC, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Maria Andreyko and Southern Westchester OB/GYN Associates, PLLC, for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff commenced this action against the defendants, Martin G. Wertkin, Maria Andreyko, and Southern Westchester OB/GYN Associates, PLLC (hereinafter Southern Westchester), alleging that the defendants' malpractice delayed the diagnosis of a cancerous mass in her right breast. Following discovery, Andreyko and Southern Westchester moved for summary dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
" The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Hayden v Gordon, 91 AD3d 819, 820, quoting DiMitri v Monsouri, 302 AD2d 420, 421). A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries (see Hernandez v Nwaishienyi, 148 AD3d 684, 686; Feuer v Ng, 136 AD3d 704, 706; Stukas v Streiter, 83 AD3d 18, 24). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519; see Lampe v Neurological Surgery, P.C., 173 AD3d 996, 998).
Andreyko and Southern Westchester established, prima facie, that Andreyko followed [*2]the accepted standard of care in referring the plaintiff to Wertkin, a breast surgeon, for further care regarding her breast condition. However, in opposition to the motion, the plaintiff raised a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Although a medical provider cannot be held vicariously liable for the malpractice of a physician to whom a patient is referred, the referring medical provider may be held liable for his or her own independent negligent conduct that proximately causes the patient injury (see Datiz v Shoob, 71 NY2d 867, 868; Lindenbaum v Federbush, 144 AD3d 869, 870; Mandel v New York County Pub. Adm'r, 29 AD3d 869, 871).
Here, Andreyko examined the plaintiff on May 30, 2012, and noted the existence of palpable masses, "tender to palpation," in the plaintiff's right breast. Later that day, the plaintiff was examined by Wertkin who, though detecting thickening of the right breast, did not detect any palpable masses. Wertkin reported his findings to Andreyko who, upon reviewing them, reviewed her notes from her examination of the plaintiff but did not contact Wertkin to discuss the differences in their respective examinations. We conclude that the plaintiff raised a triable issue of fact as to whether Andreyko, upon learning that Wertkin was unable to palpate any masses in the plaintiff's right breast, departed from the accepted standard of care by failing to advise Wertkin that Andreyko had been able to palpate distinct masses in the plaintiff's breast, and whether Andreyko's failure to do so was a substantial factor in contributing to the delay in diagnosis that the plaintiff had breast cancer. Notably, Wertkin testified at his deposition that, given the plaintiff's medical history, had he been able to locate any distinct palpable masses in the plaintiff's breast, the standard of care would have called for a biopsy of the breast.
Accordingly, the Supreme Court should have denied Andreyko's and Southern Westchester's motion for summary judgment dismissing the complaint insofar as asserted against them.
SCHEINKMAN, P.J., RIVERA, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court