Cooper v City of New York (2021 NY Slip Op 06986)





Cooper v City of New York


2021 NY Slip Op 06986


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2017-11543
 (Index No. 19760/10)

[*1]Amelia D. Cooper, etc., appellant, 
v
City of New York, et al., defendants, Reuven Moshenyat, et al., respondents. Law Office of Brian Schochet, PLLC, New York, NY, for appellant.


McAloon & Friedman, P.C. (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated September 26, 2017. The judgment, upon an order of the same court dated August 9, 2017, inter alia, granting that branch of the motion of the defendants Reuven Moshenyat and Advanced Medical Group, P.C., which was for summary judgment dismissing the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with costs.
The plaintiff's decedent, Chara Hansford-Gitau (hereinafter the decedent), who had asthma and had been under the care of the defendant Ada M. Anon, a pediatrician, since her teenage years, died on June 6, 2009, at the age of 43, after suffering an asthma attack on May 29, 2009, approximately 13 months after she underwent bariatric surgery. The surgery was performed by the defendant James A. Sapala at the defendant Lutheran Medical Center. Prior to that procedure, as part of the decedent's pre-surgical bariatric checklist, Sapala referred the decedent to the defendant Reuven Moshenyat, a board-certified pulmonologist, at the defendant Advanced Medical Group, P.C., for pulmonary clearance. As part of that consult, which occurred over the course of several visits, Moshenyat examined the decedent and performed pulmonary function testing and a sleep study. On September 2, 2007, Moshenyat discussed the test results with the decedent and concluded in a consultant's report addressed to Sapala that the decedent was a mild to moderate risk for surgery. He prescribed medication to optimize the decedent's pulmonary function in the pre- and immediate post-operative period and forwarded all test results to Sapala. Thereafter, as recommended by an internal medicine specialist whom the decedent consulted on referral by Sapala, the decedent attempted to lose weight with medication.
After the decedent was advised that she could undergo bariatric surgery, on March 21, 2008, the decedent returned to see Moshenyat who, again, examined her and performed pulmonary function testing, the results of which he shared with Sapala. Moshenyat started the decedent on new medication to optimize her pulmonary function for surgery and in the immediate [*2]post-operative period. The decedent underwent bariatric surgery on April 23, 2008, and two additional procedures in May 2008 and October 2008, respectively, with no respiratory issues. The decedent never returned to see Moshenyat, but continued to seek care and treatment for her asthma, among other things, from Anon.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice, alleging, among other things, that Moshenyat had a duty but failed to provide Anon with the results of the pulmonary function testing, which the plaintiff alleged showed that the decedent's asthma was more severe than Anon's assessment, and to advise Anon that the decedent required a different course of treatment, and that had Anon been so informed, she would have treated the decedent's asthma differently and the decedent would have survived the asthma attack of May 29, 2009. Following the completion of discovery, Moshenyat and Advanced Medical Group, P.C. (hereinafter together the defendants), moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the motion. In an order dated August 9, 2017, the Supreme Court, inter alia, granted that branch of the defendants' motion. Thereafter, a judgment was entered upon the order, in favor of the defendants and against the plaintiff dismissing the complaint insofar as asserted against the defendants. The plaintiff appeals.
"In order to establish the liability of a professional health care provider for medical malpractice, a plaintiff must prove that the provider 'departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries'" (Schmitt v Medford Kidney Ctr., 121 AD3d 1088, 1088, quoting DiGeronimo v Fuchs, 101 AD3d 933, 936 [internal quotation marks omitted]). "However, in order to reach any discussion[s] about deviation from accepted medical practice, it is necessary first to establish the existence of a duty" (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 549, 551 [internal quotation marks omitted]). The existence and scope of a physician's duty of care is a question of law to be determined by the court (see Romanelli v Jones, 179 AD3d 851, 852-854). "'Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient'" (Meade v Yland, 140 AD3d 931, 933, quoting Chulla v DiStefano, 242 AD2d 657, 658; see Donnelly v Parikh, 150 AD3d 820, 822).
Here, the Supreme Court properly determined that the defendants established as a matter of law that Moshenyat's duty of care did not extend to the departures alleged by the plaintiff. Under these circumstances, where the decedent's asthma was actively being treated and managed by her primary care physician and there were no contraindications for clearing the decedent for bariatric surgery from a pulmonary standpoint, Moshenyat had no duty beyond properly optimizing the decedent's pulmonary function for bariatric surgery, which he did (see Meade v Yland, 140 AD3d at 933; Chin v Long Is. Coll. Hosp., 119 AD3d 833, 834; cf. Romanelli v Jones, 179 AD3d at 855). In opposition, the plaintiff failed to raise a triable issue of fact.
In view of the foregoing, we do not consider the parties' remaining contentions.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court