Gupta v Lescale (2024 NY Slip Op 00618)

Gupta v Lescale

2024 NY Slip Op 00618

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2020-03907
 (Index No. 68014/16)

[*1]Sonja Gupta, etc., respondent, 
v
Keith Lescale, et al., appellants.

Feldman, Kleidman, Coffey & Sappe LLP, Fishkill, NY (Wayne M. Rubin of counsel), for appellants Keith Lescale and Hudson Valley Perinatal Consulting, PLLC.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Roland T. Koke and Judy Selmeci of counsel), for appellant Nabil Khoury.
Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner, Daniel Lei, and Alejandra Gil of counsel), for appellant WP Hospital Physician Associates.
Meagher & Meagher, P.C., White Plains, NY (Rachel R. Gruenberg and Christopher Meagher of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the defendants Keith Lescale and Hudson Valley Perinatal Consulting, PLLC, the defendant Nabil Khoury, and the defendant WP Hospital Physician Associates separately appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated April 22, 2020. The order denied the separate motions of the defendants Keith Lescale and Hudson Valley Perinatal Consulting, PLLC, the defendant Nabil Khoury, and the defendant WP Hospital Physician Associates for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs payable by the defendants appearing separately and filing separate briefs.
In 2015, the plaintiff gave birth to a child by cesarean section. Throughout the pregnancy, the plaintiff regularly consulted with the defendant Keith Lescale, a specialist in maternal-fetal medicine, and the defendant Nabil Khoury, who practices general obstetrics and gynecology and delivered the child. During a consultation on October 2, 2015, Lescale became concerned about the child's growth, and, after Lescale consulted with Khoury, the delivery was rescheduled from October 12 to October 8, 2015.
The plaintiff, as parent and natural guardian of the child, and individually, commenced this action, inter alia, to recover damages for medical malpractice, alleging that malpractice by Lescale and Khoury proximately caused the child's developmental delays and other injuries. Lescale and the defendant Hudson Valley Perinatal Consulting, PLLC, Lescale's practice (hereinafter together the Lescale defendants), moved for summary judgment dismissing the [*2]complaint insofar as asserted against them. Khoury and the defendant WP Hospital Physician Associates (hereinafter WPHPA), Khoury's employer, separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated April 22, 2020, the Supreme Court denied the motions. The Lescale defendants, Khoury, and WPHPA separately appeal.
"In a medical malpractice action, a defendant moving for summary judgment bears the initial burden of establishing either that there was no departure from good and accepted medical practice or that any departure was not a proximate cause of the plaintiff's injuries" (Kogan v Bizekis, 180 AD3d 659, 660). "In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Bacalan v St. Vincents Catholic Med. Ctrs. of N.Y., 179 AD3d 989, 991-992 [emphasis omitted]). "Once this showing has been made, 'a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact'" (Cerrone v North Shore-Long Is. Jewish Health Sys., Inc., 197 AD3d 449, 450, quoting Korszun v Winthrop Univ. Hosp., 172 AD3d 1343, 1345). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions. Such credibility issues can only be resolved by a jury'" (McHale v Sweet, 217 AD3d 666, 668, quoting Templeton v Papathomas, 208 AD3d 1268, 1270).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, an affidavit from Lescale, who asserted that he did not depart from good and accepted medical care; an affirmation from a medical expert who opined that Khoury did not depart from good and accepted medical care; and an affirmation from a geneticist who opined that the child's alleged injuries were not caused by the defendants' prenatal care but were characteristic of a genetic defect (see Assunta v Rubin, 189 AD3d 1321, 1323; Lefkowitz v Kelly, 170 AD3d 1148, 1150; Graziano v Cooling, 79 AD3d 803, 804; Marinaccio v Society of N.Y. Hosp., 224 AD2d 595, 595).
In opposition, the plaintiff raised triable issues of fact by submitting, inter alia, an affirmation from an expert in obstetrics and gynecology, with education, training, and experience in diagnosing and managing intrauterine growth restrictions. The expert opined, among other things, that the estimated fetal weight measured by Lescale on September 18, 2015, raised concerns of inadequate fetal growth in the womb; that the decreased growth rate late in the term, combined with relatively slow growth of the abdomen, were indicative of utero-placental insufficiency rather than a genetic disorder; and that Lescale's and Khoury's failure to order or conduct more frequent testing, diagnose intrauterine growth restriction, and perform an earlier cesarean section so that the child could grow more successfully outside the womb caused the child's alleged injuries (see Schmidt v Bangiyev, 210 AD3d 924, 925; Zabary v North Shore Hosp. in Plainview, 190 AD3d 790, 794-795; Many v Lossef, 190 AD3d 721, 723).
Contrary to the contentions of Khoury and WPHPA, Khoury owed a duty to the plaintiff and the child to adhere to the appropriate standard of care with respect to testing for and diagnosing intrauterine growth restriction and scheduling the cesarean section. "'Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied upon by the patient'" (Romanelli v Jones, 179 AD3d 851, 852, quoting Leigh v Kyle, 143 AD3d 779, 782). "The existence and scope of a physician's duty of care is a question of law to be determined by the court" (Cooper v City of New York, 200 AD3d 849, 851). Here, the record indicates that the plaintiff met regularly with Khoury and Lescale throughout the pregnancy, that both Khoury and Lescale performed tests and relied on each other's results, and that Lescale consulted with Khoury when rescheduling the cesarean section (see Romanelli v Jones, 179 AD3d at 853; cf. Cooper v City of New York, 200 AD3d at 851; Mann v Okere, 195 AD3d 910, 913).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the motions of the Lescale [*3]defendants, Khoury, and WPHPA for summary judgment dismissing the complaint insofar as asserted against each of them.
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court