Lopez v Micalizzi (2024 NY Slip Op 05793)

Lopez v Micalizzi

2024 NY Slip Op 05793

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-02339
 (Index No. 616688/19)

[*1]Jovany Lopez, etc., appellant, 
v
Gerald J. Micalizzi, etc., et al., respondents, et al., defendants.

Kujawski & Kujawski, Deer Park, NY (Mark C. Kujawski and Davis & Ferber, LLP [Jennifer Spellman], of counsel), for appellant.
Barker Patterson Nichols, LLP, Valhalla, NY (Adonaid C. Medina of counsel), for respondent Gerald J. Micalizzi.
Kaufman Borgeest & Ryan, LLP, New York, NY (Jacqueline Mandell of counsel), for respondent Medical Arts Radiological Group, P.C.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), entered March 24, 2021. The order, insofar as appealed from, granted the separate motions of the defendants Gerald J. Micalizzi and Medical Arts Radiological Group, P.C., for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In September 2017, the decedent, Dulce Lopez, was referred by her treating physician for an MRI of the brain without contrast. The MRI was performed at the offices of the defendant Medical Arts Radiology Group, P.C. (hereinafter Medical Arts). The defendant Gerald J. Micalizzi interpreted the MRI images and reported his impression as "[s]inus disease otherwise unremarkable MRI of the brain." In April 2018, Lopez underwent a total hysterectomy and bilateral oophorectomy due to ovarian cancer. In June 2018, Lopez underwent a brain MRI with and without contrast, which revealed, inter alia, masses. Lopez died on July 5, 2018, and the death certificate listed her cause of death as due to "cancer, unknown primary with brain metastases," among other causes.
The plaintiff, individually and as administrator of Lopez's estate, commenced this action, inter alia, to recover damages for medical malpractice against Micalizzi and Medical Arts (hereinafter together the defendants), among others. The plaintiff alleged, inter alia, that the defendants each were negligent in failing to recommend and perform an MRI with contrast. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order entered March 24, 2021, the Supreme Court, inter alia, granted the separate motions. The plaintiff appeals.
"Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (Chulla [*2]v DiStefano, 242 AD2d 657, 658; see Abruzzi v Maller, 221 AD3d 753, 755; Mann v Okere, 195 AD3d 910, 912). Here, Medical Arts established that Lopez was referred to it by her treating physician for an MRI without contrast and that the scope of Medical Arts' duty of care was limited to performing the MRI without contrast, interpreting the images, and documenting the findings. Micalizzi established that he never examined Lopez and that the scope of his duty of care was limited to interpreting the MRI images and documenting his findings. Medical Arts and Micalizzi each established that their separate duties were limited and that neither defendant assumed a general duty of care to schedule further testing or independently diagnose Lopez's medical condition (see Mann v Okere, 195 AD3d at 912; Neyman v Doshi Diagnostic Imaging Servs., P.C., 153 AD3d 538, 546; Wasserman v Staten Is. Radiological Assoc., 2 AD3d 713, 714; see also Dockery v Sprecher, 68 AD3d 1043, 1046). The defendants each also established, prima facie, that they discharged those duties to Lopez in accordance with accepted medical practice (see Mann v Okere, 195 AD3d at 912; Blau v Benodin, 190 AD3d 922, 924; Meade v Yland, 140 AD3d 931, 933). In opposition, the plaintiff failed to raise a triable issue of fact (see Neyman v Doshi Diagnostic Imaging Servs., P.C., 153 AD3d at 546; Meade v Yland, 140 AD3d at 933; Wasserman v Staten Is. Radiological Assoc., 2 AD3d at 714).
The plaintiff's remaining contention is without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court