D.N. v Faraci (2025 NY Slip Op 05955)

D.N. v Faraci

2025 NY Slip Op 05955

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2023-05915
 (Index No. 527751/19)

[*1]D. N., etc., et al., respondents,
v
Nick G. Faraci, etc., appellants, et al., defendant.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker, Charles F. Hickerson IV, and Deirdre E. Tracy of counsel), for appellants.
Law Office of Victoria Wickman (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the defendants Nick G. Faraci and Comprehensive Pediatrics, P.C., appeal from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated April 24, 2023. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
Starting in September 2008, shortly after the infant plaintiff's birth, the defendant Nick G. Faraci served as the infant plaintiff's pediatrician. In February 2010, Faraci referred the infant plaintiff to the defendant Nwanneka Adoma Okolo, a pediatric neurologist, due to the infant plaintiff's developmental delays and symptoms, including right-sided weakness. The infant plaintiff was under Okolo's care from February 2010 through April 2013 and also continued to be under Faraci's care during that period. After the infant plaintiff suffered a possible seizure in April 2013, Faraci referred the infant plaintiff to another neurologist, Steven Schwartzberg. In November 2013, the infant plaintiff was examined by Schwartzberg, who recommended that the infant plaintiff undergo an MRI. After the infant plaintiff underwent imaging studies, including an MRI of the brain, the infant plaintiff was diagnosed with a Chiari Type I malformation, which was treated surgically.
In December 2019, the infant plaintiff, by his parents, and his parents suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice against Okolo, Faraci, and Faraci's medical practice, Comprehensive Pediatrics, P.C. (hereinafter Comprehensive). The plaintiffs alleged that Faraci and Comprehensive (hereinafter together the defendants) departed from the applicable standard of care by failing to, among other things, order brain imaging of the infant plaintiff based upon the infant plaintiff's presentation of symptoms or to recognize that no brain imaging had been performed on the infant plaintiff until November 2013, resulting in a delay of diagnosis of the infant plaintiff's condition, which caused permanent brain injury to the infant plaintiff. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated April 24, 2023, the Supreme Court [*2]denied the motion. The defendants appeal.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 716 [internal quotation marks omitted]; see Stewart v New York Hosp. Queens, 214 AD3d 919, 920-921). "In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Attia v Klebanov, 192 AD3d 650, 651). "Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden" (Guctas v Pessolano, 132 AD3d 632, 633).
"'However, in order to reach any discussion[s] about deviation from accepted medical practice, it is necessary first to establish the existence of a duty'" (Cooper v City of New York, 200 AD3d 849, 851, quoting McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 549, 551). "Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (McCarthy v Ashikari, 206 AD3d 718, 720 [internal quotation marks omitted]; see Matthis v Hall, 173 AD3d 1162, 1163). "The existence and scope of a physician's duty of care is a question of law to be determined by the court," and "is not an appropriate subject for expert opinion" (Corujo v Caputo, 224 AD3d 729, 731 [internal quotation marks omitted]; see McCarthy v Ashikari, 206 AD3d at 720).
Here, the defendants failed to establish, prima facie, that their duty of care did not extend to their alleged departures in failing to order an MRI or to assess whether an MRI had been performed (see Corujo v Caputo, 224 AD3d at 732; McCarthy v Ashikari, 206 AD3d at 720). The defendants' evidentiary submissions demonstrated that, although Faraci referred the infant plaintiff to Okolo, a neurological specialist, Faraci continued to examine the infant plaintiff during multiple visits at Comprehensive, including at a well visit on August 29, 2011, on which date a neurological examination was performed. Under these circumstances, the defendants continued to have a duty of care to the infant plaintiff with respect to diagnosing the cause of his symptoms (see Lindenbaum v Federbush, 144 AD3d 869, 870). Moreover, the defendants submitted a transcript of the deposition testimony of the infant plaintiff's mother, who testified that, in October 2013, Faraci was under the mistaken impression that the infant plaintiff had already undergone an MRI and that Faraci then reviewed Okolo's records and discovered that an MRI of the infant plaintiff's brain had not been performed at any point since the referral to Okolo more than 2½ years earlier in February 2010. Thus, the defendants' evidentiary submissions failed to eliminate triable issues of fact as to whether they failed to monitor the infant plaintiff's condition. The opinions of the defendants' experts that the defendants' duty of care did not extend to determining what tests, such as an MRI, were warranted based upon the infant plaintiff's symptoms or to ordering an MRI were insufficient to establish the defendants' prima facie entitlement to judgment as a matter of law, as the issue of whether the defendants owed a duty of care is a question for the court and "not an appropriate subject for expert opinion" (McCarthy v Ashikari, 206 AD3d at 720 [internal quotation marks omitted]).
Accordingly, since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court